Brady, J.
The appellant asks us to set aside the verdict herein rendered, upon the ground that it ■ is against the weight of evidence. The question submitted to the jury was whether a notice was served upon the defendant on the 23d of December, 1881, of the attachment granted against one of its depositors, who had then to his credit a sum sufficient to pay the claim. The deputy sheriff swears positively that he went to the defendant’s banking house on the day named and there served upon an officer of the bank, *165 either Mr. Rogers or Mr. Schell, both of whom he connects with the service, the notice set out in the record. He thought the person served was the secretary, but identifies him as Mr. Rogers, and remembers that Mr. Schell, who was then the defendant’s president, was there also. He describes the transit by delivery from one to another of the notice, and certainly made a confused statement of the occurrence in detail, while he was positive of having gone to the bank, and of having there given the notice to an officer, although he could not designate his title. Mr. Rogers denied having been served on the day named, and Mr. Schell denied it to the best of his recollection and knowledge.
It must be observed, however, that neither of these gentlemen states that he did not see the notice or that it did not reach him, nor does either of them admit that he was not advised of the presence of the sheriff’s officer in their banking house at the time appointed. It is also to be observed that if the notice were handed to some other person, he was not called to show it, and the whole subject was therefore left to be considered and passed upon by the jury on evidence distinguished by these characteristics. The judge presiding presented the issue most favorably for the defendant, and from the tenor of his charge, evidently doubted the reliability of thé statement of the sheriff’s officer. This was doubtless for the reason that several years had elapsed since the service of the notice, and because of the confused and seemingly uncertain testimony of the sheriff’s deputy as to the manner of the service and the person upon whom it was made. The fact that he was there at the time mentioned, however, as already stated, was positively asserted, and there were circumstances also stated designed to establish the incident beyond doubt. The details of that event were well calculated to create an impression if the service were not made as asserted, that some persons connected with the bank other than Mr. Schell and Mr. Rogers, and engaged in it, were not all anxious that the notice should be effective, and this may have had a bad effect upon the jury. There is no reason why when a process of this kind is issued all the advantages to be derived from it should not be given, and the debtor of the attachment debtor should put no obstacles in the way of its success, inasmuch as it is a part of the administration of the law of the land. However this may be when the evidence was all in, the learned justice presiding submitted the contest to the jury. It was emphatically one for such a tribunal to decide. The case was one of affirmative evidence on the one hand and negative evidence on the other, and the question for the jury was whether the sheriff’s officer was to be believed. Either witness might be mis *166 taken as to the event investigated after a period of six years, and neither therefore impugned if his testimony was not adopted. We cannot disturb verdicts, although they may be against our sense of right unless decidedly against the weight of evidence. This case is not within that rule, and although we think the evidence unsatisfactory, it cannot be said that their verdict is against the evidence.
The judgment must therefore be affirmed, with costs.
Van Brunt, Oh. J., and Daniels, J., concur.